56 637
171s 203

## The German Insurance Company, of Freeport, Illinois, v. Abner R. Orr, Assignee of W. B. Cauble.

1. INSURANCE—*Waiver of Conditions.*—Where an agent, having authority to accept risks, fix rates, sign and issue policies, etc., issued a policy upon which the premium was not paid, and afterward and before a fire occurring, the insured made a voluntary assignment of the property insured, for the benefit of his creditors, and after the fire the agent notified the assignee that unless the premium was paid the policy would

be canceled, and the same being paid by the assignee, *it was held* that these acts were equivalent to a waiver of all conditions of the policy relating to an alienation or change of title without the consent of the company indorsed on the policy, or that it should not be binding until the premium was actually paid or unless payment was made before a fire occurred.

2.  SAME—*Waiver of the Payment of Premiums.*—A condition in a policy of insurance that it is not to be binding upon the company until the premium is actually paid, nor unless payment is made before a fire occurs, may be waived by the company.

**Memorandum.**— Assumpsit. In the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Declaration on a policy of insurance; plea of the general issue; jury waived, and trial by the court; finding and judgment for the plaintiff; appeal by defendant. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

APPELLANT'S BRIEF, LAWRENCE & LAWRENCE, ATTORNEYS.

While it may be said the agent had general powers of agency, yet he could only act within the scope of such general powers, and the right to make an agreement of insurance binding upon his principal, of property not then existing, is not within the scope of such power, and the insured having paid the premium after the loss, is presumed to have known the agent had not the right to bind his principal by accepting it. And though it appear that this premium came to the hand of the company, the presumption is that it came in the ordinary course of business and the burden is upon plaintiff to show that the company had knowledge of the condition of the facts when it received the money. Union M. Ins. Co. v. McMillen, 12 Am. Law Reg. 610; 24 Ohio 67; Genl. Ins. Co. v. Ruggles, 12 Wheat. (U. S.) 411; 1 May on Ins., Sec. 123, note 2; Mead v. Phœnix Ins. Co., 32 N. E. Rep. 945; Wilson v. Ins. Co., 140 Mass. 210; same case in 5 N. E. Rep. 818; Stubbins v. Ins. Co., 60 N. H. 65.

Where an agent having no power to waive the forfeiture of a policy, and acting in the interest of the insured, received the premiums upon a forfeited policy, after death of person whose life was insured, and sent the money to the company, which it received without knowledge of the facts, held, not

German Ins. Co. v. Orr.

a ratification of act of agent. Union Mu. Ins. Co. v. McMillen, 24 Ohio State, 67; S. C., Am. Law Reg., Vol. 13 (1874).

If the agent has fraudulently misrepresented his authority, and the principal has received the avails of the fraud, without knowledge of the fraudulent acts of the agent, the remedy of the party injured is not upon the contract for damages, but by rescission and suit for consideration paid. Titus v. Cairo R. R. Co., 46 N. J. L. 393; Herring v. Scaggs, 73 Ala. 446; S. P. Etna Ins. Co. v. N. W. Iron Co., 21 Wis. 458.

The act to be ratified must be voidable, not void. A principal can not ratify an act which he could not have authorized in the first instance. The policy was void when the property covered by it was destroyed; a new policy could not have been authorized upon property not *in esse;* hence, agent could not take premium, and thereby create a new policy of insurance, there being no evidence to show that the time for the payment of the premium was deferred after the issuing of the policy. 1 Am. and Eng. Ency. Law, 440; Harrison v. McHenry, 9 Ga. 164; same case, 52 Am. Dec. 435; Fitzpatrick v. School Com'rs, 7 Hump. 224; same case, 46 Am. Dec. 76.

APPELLEE'S BRIEF, W. J. CALHOUN AND H. M. STEELY, ATTORNEYS.

Where insured is guilty of some breach of the conditions of his policy, and insurer, with full knowledge thereof and while the risk is pending, accepts a maturing premium, or does any other act recognizing a continued validity of the policy, this will waive a forfeiture of the breach. Schrimp v. Cedar Rapids Ins. Co., 124 Ill. 354; Germania Fire Ins. Co. v. Hick, 125 Ill. 361; Williamsburg C. F. Ins. Co. v. Cary, 83 Ill. 453.

This waiver, by acceptance of premium or other act, may take place as well after a loss as before. In such case the policy is not simply revived as to the future, but it thereby restores to it its power and force from the beginning.

Phenix Ins. Co. v. Tomlinson, 125 Ind. 84; Ins. Co. v. Custer, 128 Ind. 25; Replogle v. Ins. Co., 132 Ind. 360; Masonic Mut. Ben. Ass'n v. Beck, 77 Ind. 203; Continental Ins. Co. v. Chew, 38 N. E. Rep. 417; Joliffee v. Ins. Co., 39 Wis. 111; Smith v. Ins. Co., 3 Dak. 80; Cohen v. Ins. Co., 67 Tex. 325; Phenix Ins. Co. v. Lansing, 15 Neb. 494; Lyon v. Travelers' Ins. Co., 55 Mich. 141; 11 Am. & Eng. Ency. Law, 340, 342 and note 9.

A provision in a policy of insurance that it shall become void in a certain event, will not render the policy absolutely void. Such a provision is to be construed as though it read " voidable." It is not self-executing, but contemplates and requires future affirmative action on the part of the company. N. Y. Traveling Men's Ass'n v. Schauss, 148 Ill. 304; Viele v. Germania Ins. Co., 26 Iowa 1; Armstrong v. Tarquand, 9 Irish C. L. 32; Manufacturers' M. Ins. Co. v. Armstrong, 145 Ill. 469; Williamsburg C. F. Ins. Co. v. Cary, 83 Ill. 456; New England F. & M. Ins. Co. v. Wetmore, 32 Ill. 221; Illinois Fire Ins. Co. v. Stanton, 57 Ill. 354; Masonic Mut. Ben. Ass'n v. Beck, 77 Ind. 203.

Any act of the company or its agents, showing knowledge of conditions, or a failure to take advantage of and insist on a forfeiture after knowledge, will amount to a waiver of the right of forfeiture; and it is always competent for the party who is to be benefited by the forfeiture to waive such right. By some authorities this waiver is said to operate by way of estoppel. Reaper City Ins. Co. v. Jones, 62 Ill. 458; Lycoming Ins. Co. v. Barringer, 73 Ill. 230; Williamsburg C. Ins. Co. v. Cary, 83 Ill. 453; Schrimp v. Cedar Rapids Ins. Co., 124 Ill. 354.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The policy in this case, for $1,500 on a stock of drugs, with counters, shelving, show cases, etc., in one of the rooms of the building referred to in the preceding cases, the insured property being burned in the same fire, was issued to said Cauble on the 17th of July, 1893, for one

year, by C. H. Hathaway, the agent of appellant. The case was tried by the court and judgment was rendered for the full amount of the policy, from which the company has appealed. It was provided in the policy that in case the property should be alienated, or in case of a change of title without the consent of the company indorsed thereon, the policy should cease to bind the company, and that it should not be binding until the premium was actually paid or unless payment was made before fire occurred.

After the assignment and after the fire, on the 8th of September, 1894, the agent, Hathaway, with full knowledge of said facts, wrote to the assignee, Orr, as follows:

RIDGE FARM, ILL., Sept. 8, 1893.

Mr. Ab. Orr, Assignee of Dr. Cauble:

You are hereby notified that payment has not been made at this office of the premium of $18.75 for policy No. 154, issued on stock of drugs, issued in the German, of Freeport, Ins. Co., and that unless the premium shall be paid on or before the eleventh day of September, 1893, we shall cancel the insurance of said policy upon our books, for non-payment of premium.

Yours respectively,

C. H. HATHAWAY,

Agent of German Insurance Company of Freeport, Illinois.

On the next day, the 9th of September, the assignee, having obtained authority from the County Court to do so, paid the amount required, $18.75, to the said Hathaway, who thereupon gave him a written receipt as follows:

RIDGE FARM, ILLINOIS, Sept. 9, 1893.

Rec'd of Ab. Orr, assignee of Dr. Cauble, $18.75 on policy No. 154 in German Insurance Company of Freeport, Illinois.

C. H. HATHAWAY, Agent.

On the 10th of February, 1894, the company tendered and offered to return the money so paid to the plaintiff but it was refused.

It appears from the agreed state of facts that Hathaway had the same power and authority with reference to this company that he had with reference to the Hartford Insurance Company, stated specifically in that case, nor is there anything to show that he did not promptly remit the money when so received or that the company was not aware on what account and for what purpose it was paid.

The views we expressed in the case of the Hartford Company are applicable here, and for the reason there given we are of opinion that the appellant company is liable upon the present policy.

The waiver of the provision as to payment of premiums before the fire occurs, is as clear as that of the other provisions referred to in the preceding cases.

In this policy it is expressly provided that agents are directed not to make agreements for the company of any kind except in writing or print, and that no agent is authorized to change, alter or waive any written or printed contract made with the company except in writing or in print.

The converse and the implication is that they may change, alter or waive in writing or print. The waiver here was in writing.